## Pearl *v.* Logan et al., Appellants.

Argued January 3, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

[black redaction bars] reargument refused April 10, 1944.

[black redaction bars]

*Ralph B. Umsted,* Special Deputy Attorney General, with him *James H. Duff,* Attorney General, for appellants.

*Simon Pearl,* in propria persona, appellee.

OPINION BY MR. JUSTICE LINN, March 20, 1944:

The plaintiff applied for a mandamus requiring payment of an informer's fee. The parties filed a stipulation of facts on which, after argument, a peremptory writ issued. The Commonwealth appeals.

Our legislation provides for two classes of cases: (1) for escheat; and (2) for the payment of escheatable funds[1] into the State Treasury for future disposition. The plaintiff contends that this case is within the first class; the Attorney General contends that it is within the second and that no fee is payable.

Alfred Ridgway, domiciled in Philadelphia, died August 23, 1939, unmarried and without known heirs or kindred. By a paper headed "Notice of Escheat" dated at Philadelphia, August 24, 1939, plaintiff advised the Department of Revenue at Harrisburg of the fact and offered ". . . to procure necessary evidence to substantiate the fact of said escheat and prosecute the right of the Commonwealth to the property escheated with effect."

---

[1] Fiscal Code, Act of April 9, 1929, P. L. 343, Art. XIII, sections 1310 and 1314, 72 PS sections 1310, 1314. Section 1310 was preceded by the Act of May 16, 1919, P. L. 177, and section 1314 by the Act of May 16, 1919, P. L. 169, amended by Act of April 21, 1921, P. L. 216.

To that communication, the Secretary of Revenue, on August 29, 1939, replied by saying in part: ". . . your attention is directed to the provisions of Section 1314 of the Fiscal Code under which any unclaimed moneys in the hands of a fiduciary are payable to the Commonwealth without escheat." Subsequently on September 8, counsel for the Department of Revenue notified plaintiff as follows: "We have your letter of September 1, 1939, wherein you request us to recognize your prior communication of August 24, as an information in escheat in this case.

"The Department of Revenue has uniformly held that where letters of administration are granted on an estate, that we are without power to appoint an escheator or to recognize an information because the Legislature has provided under Section 1314, of the Fiscal Code, that the funds in the hands of the administrator which remain unclaimed, shall be paid into the State Treasury without escheat."

Meanwhile, on August 25, a creditor, who had paid the funeral expenses, applied for letters of administration but the Register of Wills refused to issue them until the Attorney General consented.[2] Counsel for the petitioning creditor thereupon telephoned to the Attorney General's deputy who consented. At the audit of the administrator's account, the plaintiff appeared and presented his claim for an informer's fee. Counsel for the Commonwealth interposed the objection that "This is not an escheat." The Orphans' Court ". . . directed the payment of the balance on hand of $2,721.23 to the Commonwealth without escheat." The money was paid into the State Treasury where it remains.

---

[2] We understand that it is and for many years has been the practice of the Register of Wills in Philadelphia when a creditor applies for letters of administration on the estate of one dying intestate without surviving spouse or known heirs or kindred to require notice of the petition to be given to the Attorney General or his deputy, meanwhile suspending action on the petition.

It is clear that there has been no order of escheat and that the balance for distribution shown in the administrator's account was held by a fiduciary and was therefore subject to section 1314 [3] of the Fiscal Code (Act of April 9, 1929, P. L. 343, 419, Art. XIII, 72 PS section 1314) authorizing the Orphans' Court to order the payment of the fund into the State Treasury. Provision is made, on proper showing, for a refund of money so paid into the State Treasury (Section 504 of the Fiscal Code, supra, amended by Act of June 6, 1939, P. L. 261, 72 PS section 504).

Plaintiff contends that the informer's fee is payable pursuant to section 1304 of the Fiscal Code which provides, in part: "Compensation of Informers. Except as hereinafter otherwise provided, any person, who shall first inform the Department of Revenue . . . that any escheat has occurred by reason of the fact that any person has died intestate, without heirs or known kindred, a widow, or surviving husband, or by reason of any other fact, and who shall procure necessary evidence to substantiate the fact of said escheat, and shall prosecute the right of the Commonwealth to the property escheated with effect, shall be entitled to one-fourth part of the proceeds of all property, real, personal or mixed, that has been declared escheated to the Commonwealth in pursuance of such information, after deducting therefrom all debts and expenses with the payment of which said property is charged, and all proper costs and charges incident to the establishing of such escheat, and the converting of the escheated property into money."

We think plaintiff has not brought his claim within that section. An informer's right to recover is supported on principles of contract, the fee-statute constituting an offer which may be accepted by the informer:

---

[3] This section was a re-enactment of earlier Acts (Act of May 16, 1919, P. L. 169; Act of April 21, 1921, P. L. 216) applied in *Apsley's Estate*, 8 D. & C. 345 (1926).

compare *Miles v. Metzger,* 316 Pa. 211, 215, 173 A. 285; *Edelman v. Boardman,* 332 Pa. 85, 88-89, 2 A. 2d 393. In advising the Secretary of cases within sections 1310 and 1314, the informer acts with notice that instead of relying on him to participate in establishing the escheat, the Commonwealth may reject his services and ask the court having charge of the fiduciary's account to order payment into the State Treasury. A right of election is reserved to the Commonwealth. The informer's acceptance of the offer is subject to the conditions imposed by statute as part of the offer. In the event of election to apply to the court auditing the account, the informer is not entitled to recover: *Miles v. Metzger,* 316 Pa. 211, 173 A. 285. The Secretary's reply to plaintiff's notice of August 24th that the funds were "payable to the Commonwealth without escheat" constituted such election. On the day following the date of plaintiff's notice, the Register of Wills refused a creditor's application for letters unless the Attorney General consented. The Commonwealth was thus immediately advised of the fact from a source other than plaintiff.

The plaintiff relies on *Miles v. Metzger,* 316 Pa. 211, 173 A. 285. In that case an escheator had been appointed pursuant to an informer's information and after nearly two and a half years' performance, the Commonwealth revoked the escheator's authority and secured an award under section 1314 of the Fiscal Code. The court recognized, on page 218, that if the Commonwealth had revoked the escheator's authority on discovering several days after the escheator's appointment, that decedent had died testate, the proceeding would have been controlled by section 1314. Mr. Justice DREW said, "In that event, plaintiffs would have been entitled to nothing; their contracts with the Commonwealth would have been rescinded because they were entered into under a mutual mistake of fact. But the Commonwealth did not choose to follow this course."

As the plaintiff was promptly notified that the Commonwealth elected to proceed under section 1314 no contract to pay an informer's fee resulted.

The order granting the peremptory writ is reversed and the petition is dismissed, each party to pay its own costs.